FREDERICA SCHRADIN V. JACOB SCHRADIN.

DECREE FOR ALIMONY NOT A BAR TO A SECOND DECREE, WHEN.

The policy of the law does not require a wife to become reconciled to her husband at her peril, and where the reconciliation is followed by a second separation she is not barred from maintaining a second action for alimony alone, under Secs. 5702, 5703 Rev. Stat., by the fact that she obtained a prior decree for money on the former separation.

Louis G. Hummel, for plaintiff in error, cited:

Sections 5702 and 5703 Rev. Stat. must be construed together with the prior written or unwritten laws in reference to alimony. Bishop Mar. & Div., Secs. 1040-2.

Alimony as we recognize it in Ohio, can be either permanent or *pendente lite,* and if granted on absolute divorce and the amount is agreed upon as final, the court will refuse to modify. Law v. Law, 64 Ohio St. 369 [60 N. E. Rep. 560].

If granted on application for alimony only, it is only a decree for maintenance. Stewart Mar. & Div., Sec. 374.

In the case at bar the allowance was until reconciliation, or no court can decree what would be a decree of separation without divorce. Calame v. Calame, 24 N. J. Eq. 440, 444; Miller v. Clark, 23 Ind. 370, 372; Anonymous, 2 Desau. (S. C.) 198, 207; Bishop Mar. & Div., Sec. 1417; Tiffin v. Tiffin, 2 Binn. 202.

An order of alimony upon a divorce *a mensa et thoro* continues in force only until reconciliation. Lockridge v. Lockridge, 33 Ky. (3 Dana) 28 [28 Am. Dec. 52]; 1 Bishop Mar. & Div., Sec. 1707.

**Jerome D. Creed,** contra.

## PER CURIAM.

Prior to August 25, 1890, Fredericka Schradin and Jacob Schradin had been married, and were living together as husband and wife.

On August 25, 1890, Fredericka Schradin brought an action in the court of common pleas in cause 87,756 against Jacob Schradin under Secs. 5702 and 5703 Rev. Stat., for alimony alone—not for divorce. On March 3, 1891, an entry was made in said cause, providing among other things as follows:

"And it further appearing to the court that the parties to this action have agreed upon a sum to be paid by the defendant to the plaintiff in full payment of her alimony and dower interest, and other claims in and to his property and estate, the court does hereby in accordance with said agreement, and by and with the consent of the parties hereto, order and decree that the defendant pay to the plaintiff in full of her allowance of alimony, and of her dower and other interests and rights in and to the estate and property of defendant, the sum of one thousand ($1,000) dollars as follows: Three hundred ($300) dollars in cash; two hundred ($200) dollars in one year thereafter; two hundred ($200) dollars in two years thereafter; two hundred ($200) dollars in three years thereafter, and one hundred ($100) dollars in four years thereafter; the deferred payments to bear five per cent. interest, and the same is hereby made a lien upon all the real estate of defendant mentioned and described in the petition."

The defendant paid the money, and satisfied that decree. After that plaintiff and defendant lived separate and apart until August, 1900, when at the solicitation of her husband Jacob, who was injured and

sick, Fredericka returned and resumed living with him as his wife, nursed him and performed her household duties, abandoning the separate home she had established. On August 20, 1901, Fredericka again filed an action for alimony making allegations which would bring the case within Sec. 5702 Rev. Stat.

The foregoing facts appear in the petition, answer and reply in this latter action No. 121,891. Defendant filed a demurrer to the reply and petition, searching the record. The court below sustained the demurrer, and entered judgment for the defendant. Was the former action, No. 87,756, a bar to the latter, No. 121,891?

We are of the opinion that it was not. This is a different case from cases like Law v. Law, 64 Ohio St. 369 [60 N. E. Rep. 560] ; Andress v. Andress, 9 Dec. 559 (7 N. P. 283).

The marital tie continued to subsist, and the parties subsequent to the former decree resumed the marital relation. It is not a change in the separate condition of either. As long as their separation continues no change in their several conditions can do away with their agreement and the entry made thereon. It is a change in their mutual condition or relation, which changes all that has been done or agreed to theretofore. The policy of the law is not to have a wife become reconciled to her husband at her peril. We do not mean to say that the trial court may not have regard to the money paid under the former agreement and decree, but that is but one of the things to be taken into consideration with all subsequent happenings together with all the circumstances and conditions when the court is called on to act.

Judgment reversed.